

JURY TRIAL DEMANDED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID SHUMATE                                                                                                  PLAINTIFF

VS.                                                  CIVIL ACTION NO. 3:18cv68 HSO-LRA

ELAINE L. CHAO, SECRETARY,
UNITED STATES DEPARTMENT OF
TRANSPORTATION                                                                                          DEFENDANT

## COMPLAINT

This action seeks all legal remedies, including promotion, back pay, compensatory damages, and front pay for the unlawful discriminatory and retaliatory actions of the Defendant in refusing to promote the Plaintiff solely because of his age, in violation of the anti-discrimination and retaliation provisions of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*

## JURISDICTION

1.

Jurisdiction is conferred by the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et. seq.*, 29 U.S.C. § 633(a), and 29 U.S.C. § 216.

## EXHAUSTION

2.

Plaintiff has exhausted all Age Discrimination in Employment Act administrative procedures.

## PARTIES

**3.**

Plaintiff David Shumate is an adult resident citizen of Flowood, Rankin County, Mississippi. Plaintiff lives in the Northern Division of the Southern District of Mississippi.

**4.**

At all times material, Plaintiff has been at least forty (40) years of age, and is therefore within the protected class of persons within the Age Discrimination in Employment Act.

**5.**

At all times material, Plaintiff has been and was an employee of the Defendant within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 630(F), who was and is qualified for his position and qualified for promotion to the two positions for which he applied in Jackson, Mississippi, and Memphis, Tennessee. .

**6.**

Elaine Chao, Secretary, United States Department of Transportation, is an employer within the meaning of the Age Discrimination in Employment Act of 1967.

## FACTS

**7.**

On November 3, 2017, the Equal Employment Opportunity Commission Office of Federal Operations issued a decision, annexed hereto and incorporated herein as Exhibit "A," which Plaintiff received on November 6, 2017. Said Decision found that the Defendant did not discriminate or retaliate against Complainant because of his age pursuant to his application for

the position of Supervisory Technical Systems Program Manager/Assistant Manager for the Jackson, Mississippi position and his two applications for that position located in Memphis, Tennessee.

**8.**

**COUNT I**

Plaintiff applied for the Supervisory Technical Systems Program Manager/Assistant Manager position in Memphis, Tennessee. Plaintiff was placed on the list of eligibles and interviewed. On July 17, 2013, the Defendant notified Plaintiff he was not selected. The person selected for the job was 34 years of age. Additionally, all five professional positions filled by Supervisor Phillip Braden since he had become responsible for selecting employees were between the ages of 31 and 41. Five of seven applicants not hired all were over 40 years of age. When Mr. Braden was asked at a deposition why all selectees were age 41 or less, his answer was "I do not have an explanation." Phillip Braden's pattern of selecting young employees, along with other evidence to be adduced at trial, demonstrates that the non-selection of Plaintiff was because of his age (then 53).

**9.**

**COUNT II**

The 34-year-old person selected on July 17, 2013, for the job of Supervisory Technical Systems Programs Manager/Assistant Manager by Phillip Braden left employment soon after being selected. Phillip Braden a second time advertised the position for which Plaintiff initially applied in Memphis. The only applicants for the positions after the second advertisement were the Plaintiff and another civil engineer from the Jackson Office, Rod Nicholson, then aged 58.

Both applicants were interviewed. Instead of selecting your Plaintiff or Rod Nicholson, Mr. Braden chose to advertise for the position a third time and selected another employee, all because of Plaintiff's age and in retaliation to Plaintiff's Equal Employment protected activity.

10.

COUNT III

Plaintiff applied for the position of Supervisor Aviation Technical Systems Specialist/Assistant Manager (FE-2186-J) which was vacant at the Jackson, Mississippi Office where Plaintiff was employed as a civil engineer. On November 25, 2014, Plaintiff's Supervisor, Rans Black, told Anita Brewster, the Human Resources Specialist responsible for certifying a list of applicants eligible to be interviewed for the Supervisory Technical Systems Program Manage/Assistant Manager position, that it was odd that Plaintiff had been left off the list of eligibles to be interviewed because he had omitted a piece of paper, an SF50 form. The SF50 form merely verified that the applicant was a federal employee. Everyone involved in processing the instant application for promotion knew Plaintiff David Shumate was a federal employee.

11.

Additionally, as pointed out in Count I, Plaintiff successfully was placed on a list of eligibles and interviewed for the position in Memphis, Tennessee without including an SF50 form in his applications packet.

12.

On December 2, 2013, FAA employee and coworker of Plaintiff, Kevin Morgan, told Rans Black, Plaintiff's Supervisor in Jackson and selecting official for the position in question,

-4-

that he had applied for the same position as Plaintiff but had been left off the eligibles' list. The time for receiving applications lapsed on or about November 25, 2014. In response to the inquiry, Rans Black told Kevin Morgan to contact Anita Brewster. Anita Brewster "re-reviewed" Kevin Morgan's application and decided he indeed was eligible to be on the list of eligibles and could be interviewed. Brewster contacted Rans Black who notified Kevin Morgan that after a second review he indeed was eligible and was placed on the list of eligibles to be interviewed.

**13.**

On the same day Rans Black was approached by Kevin Morgan about not being on the interview list, December 2, 2013, Plaintiff contacted Rans Black and asked him when are "our" interviews going to be for the supervisory position. Plaintiff had not received an email informing him he was not eligible and had not seen any information on the Federal Jobs database indicating he was not eligible. Instead of telling Plaintiff what he told Anita Brewster on November 24, 2013 that it was odd that Plaintiff was left off the list because of the lack of an SF50, Rans Black told Plaintiff that the interviews probably would take place during the Christmas holidays. Rans Black knew at the time that Plaintiff was not on the list of eligibles to be interviewed for the position. He did not refer Plaintiff to Anita Brewster as he had referred Kevin Morgan so that he would keep Plaintiff off of the list of eligibles to be interviewed for that position.

**14.**

The actions by Rans Black were taken against Plaintiff David Shumate because of his age (53 at the time) and in retaliation to Plaintiff's having undertaken EEO activity beginning with his complaint filed when he did not receive the Memphis, Tennessee Supervisory Technical Systems Program Manager/Assistant Manager position on July 17, 2013.

**15.**

At all times material Rans Black was acting as an agent of the Defendant within the scope of his agency.

**16.**

**FOR COUNTS I, II, AND III**

As a result of the aforesaid described actions of discrimination and retaliation by the Defendant, the Plaintiff has sustained and will continue to sustain in the future irreparable harm for which there is no adequate remedy at law, and substantial monetary damages. Said monetary damages include damages for back pay (including all fringe benefits), liquidated damages, front pay (including all fringe benefits) (if reinstatement not awarded), lack of promotion to the jobs in Memphis, Tennessee and Jackson, Mississippi, and pre-judgment and post-judgment interest.

**17.**

Defendant, by her actions, has willfully, intentionally, purposely, maliciously, and with reckless indifference to Plaintiff's federally protected right to be free from discrimination due to age, discriminated and retaliated against Plaintiff with respect to his promotion, compensation, terms, conditions, and privileges of his employment because of his age and his previous Equal Employment related activity, in violation of Age Discrimination in Employment Act, justifying an award of twice Plaintiff's back pay (including all fringe benefits).

**18.**

Defendant's refusal to promote Plaintiff was part of her overall pattern and policy of refusing to promote older workers and instead hiring or promoting younger workers for the

Supervisory Technical Systems Program Manager/Assistant Manager positions in Jackson, Mississippi and Memphis, Tennessee.

### 19.

### CAUSES OF ACTION

The actions of Defendant in discriminating against and retaliating against Plaintiff because of his age and prior Equal Employment activity constitute a willing, knowing, and intentional violation of Plaintiff's rights prohibited by the Age Discrimination in Employment Act, 29 U.S.C. § 1621, *et seq.*

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will take jurisdiction of the parties and the subject matter and grant the following relief:

1. Pursuant to Counts I, II, and III, issue a declaratory judgment that Plaintiff was not promoted in violation of his rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*

2. Pursuant to Counts I and II, issue a preliminary and permanent injunction mandatorily enjoining the Defendant to promote Plaintiff to the position of Supervisory Technical Systems Program Manager/Assistant Manager in Memphis, Tennessee, with all back pay, including fringe benefits such as, *inter alia,* health insurance and retirement benefits, or, in the alternative, front pay.

3. Pursuant to Count III, issue a preliminary and permanent injunction mandatorily enjoining the Defendant to promote Plaintiff into the position of Supervisory Technical Systems Program Manager/Assistant Manager in Jackson, Mississippi, with all back pay, including fringe

benefits such as, *inter alia,* health insurance and retirement benefits, or, in the alternative, front pay.

4. Pursuant to Counts I, II, and III, a judgment from and of the Defendant in the amount of Plaintiff's back pay, including all fringe benefits, and front pay, including all fringe benefits, if promotion is not ordered.

5. Pursuant to Counts I, II, and III, pursuant to the willful violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.,* and 29 U.S.C. § 216, a judgment of and from Defendant for liquidated damages in the amount of twice the Plaintiff's back pay, including all fringe benefits.

6. Pursuant to Counts I, II, and III, pre-judgment and post-judgment interest on the judgments obtained, costs of this cause, and a reasonable attorneys' fee.

7. Pursuant to Counts I, II, and III, any and all such other relief provided by a Court of equity to which Plaintiff may be entitled under the Age Discrimination in Employment Act of 1967.

Respectfully submitted, the 30th day of January, 2018.

_____
Dennis L. Horn, Attorney for Plaintiff,
David Shumate

Dennis L. Horn (MSB #2645)
Shirley Payne (MSB # 4071)
Leigh Horn (MSB #105481)
HORN & PAYNE, PLLC
P. O. Box 2754
Madison, MS 39130-2754
Phone: (601) 853-6090
Fax: (601) 853-2878
hornpayne@gmail.com
leighkpaynehorn@gmail.com

-8-

8                                                                                0120160183

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

William D. Shumate
276 Bellamy Ct
Flowood, MS  39232

Dennis L. Horn, Esq.
POB 2754
Madison, MS  39130

Leslie M. Proll, Director
Office of Civil Rights, S-30
Department of Transportation
1200 New Jersey Ave., S.E.
Washington, D.C.  20590

NOV 0 3 2017
Date

_____
Compliance and Control Division