# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | | |
|---|---|---|
| **DAVID SHUMATE** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 3:18cv68-HSO-JCG |
| | § | |
| **ELAINE L. CHAO,** *Secretary, United States Department of Transportation* | § | **DEFENDANT** |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION [41] FOR SUMMARY JUDGMENT

BEFORE THE COURT is Defendant Elain L. Chao's Motion [41] for Summary Judgment. This suit arises out of Plaintiff's failure to be promoted while serving as a civil engineer for the Federal Aviation Administration. Plaintiff asserts that he was denied promotion because of his age and was retaliated against for engaging in protected activity in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (2012).

Defendant has filed a Motion [41] for Summary Judgment, asking the Court to dismiss Plaintiff's suit in its entirety. Plaintiff has filed a Response [45]. Having considered the parties' submissions, the record, and relevant legal authority, the Court is of the opinion that Defendant's Motion [41] for Summary Judgment should be granted in part and denied in part. Plaintiff's age discrimination claims and his first retaliation claim should be dismissed with prejudice. His second retaliation claim should proceed.

I. BACKGROUND

Plaintiff David Shumate ("Shumate") was hired as a civil engineer by the Federal Aviation Administration ("FAA") in 1992 to work in its Airports District Office ("ADO") in Jackson, Mississippi. Def. Ex. 1 [41-1], Shumate Dep., at 7-8. He has worked in the Jackson ADO his entire career. *Id.* at 8. In February 2013, Shumate was one of seven people who applied for an assistant manager position in the ADO in Memphis, Tennessee. Pl. Mem. [46] at 2. The manager of the Memphis ADO, Phillip Braden, selected four FAA employees to interview the applicants. *Id.* at 1. Braden prepared a list of ten questions for the interviewers to ask the applicants, with the same questions being asked to each applicant. Pl. Ex. B [45-2], Braden Dep., at 31. The interviewers also rated each applicant's performance through a numeric score. Pl. Mem. [46] at 2. At the conclusion of the initial interviews, Braden conducted a second interview with the applicants who received the top four scores. *Id.* at 3-4. Shumate was not one of the top four performing applicants and did not receive a second interview. Pl. Ex. B [45-2], Braden Dep. at 53. Thirty-four-year-old Paul Friedman ("Friedman") was eventually selected for the position. Pl. Mem. [46] at 9-10. Shumate, who is fifty-three years old, filed an Equal Employment Opportunity ("EEO") complaint alleging that he was not selected for the job because of his age. Def. Ex. 7 [41-1], First Claim Acceptance Letter, at 1.

A few months later, in October 2013, Shumate applied for another assistant manager vacancy, this one at the Jackson ADO. Pl. Mem. [46] at 13-14. As part of his application, Shumate was required to submit a form titled "SF-50, Notification

of Personnel Action."[1]  Pl. Ex. K [45-11], Brewster Dep. at 10.  However, Shumate and two other applicants failed to submit this form by the application closing date.  Pl. Mem. [46] at 16.  As a result, all three applicants were declared ineligible for the position and received no further consideration.  *Id.*  William Schuller, who was fifty years old, was eventually selected to be the Jackson ADO assistant manager.  *Id.* at 24.  Shumate amended his EEO complaint to allege that he was declared ineligible for the position because of his age and in retaliation for his original EEO filing.  Def. Ex. 13 [45-13], Second Claim Acceptance Letter, at 1.

The assistant manager position in the Memphis ADO became vacant again in July 2014.  *Id.* at 8.  Shumate and another civil engineer were the only qualified applicants for this position.  Pl. Mem. [46] at 29.  Braden interviewed each applicant twice but decided not to select either of them for the position.  Pl. Ex. N [45-14], Second Braden Dep. at 26-29.  After the vacancy was re-advertised, Tommy Dupree, age fifty-seven, was chosen for the position.  Pl. Mem. [46] at 29, 32.  Shumate again amended his EEO complaint to include additional age discrimination and retaliation claims in connection with his application for this position.  Def. Ex. 16 [45-16], Third Claim Acceptance Letter, at 1.

Ultimately, the Equal Employment Opportunity Commission's Office of Federal Operations issued a decision on November 3, 2017, finding that the FAA did not discriminate or retaliate against Shumate when it did not hire him to any of

---

[1] Shumate argues that he was not required to submit an SF-50 for the Jackson ADO position.  Pl. Mem. [46] at 14-15.  However, the Vacancy Announcement clearly states that "SF-50, Notification of Personnel Action, IS REQUIRED for Current/Formal Federal employees and must be received by the closing date of this vacancy announcement."  Def. Ex. 9 [41-9] at 3 (emphasis in original).

3

the three assistant manager positions. Compl. [1] at 2-3. Shumate filed this lawsuit on January 30, 2018, claiming that the United States Department of Transportation Secretary Elaine Chao ("Defendant"), through the FAA, violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634 (2018), by refusing to promote him to any of the three assistant manager positions for which he applied, and retaliating against him for engaging in EEO activity on two occasions when it did not hire him for the Jackson or the Memphis positions. Compl. [1] at 1. At the conclusion of discovery, Defendant filed the instant Motion [41] for Summary Judgment seeking dismissal of all of Shumate's claims. Defendant argues that there is no genuine issue of material fact and that summary judgment is proper. Shumate opposes the Motion.

## II. DISCUSSION

### A. Legal standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant carries this burden, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "A genuine dispute of material fact means that evidence is such that a

4

reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC&R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quotation omitted). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). In deciding whether summary judgment is appropriate, the Court views facts and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

B.  Plaintiff's discrimination claims

Shumate asserts that Defendant discriminated against him because of his age on three occasions when the FAA did not select him for a promotion to any of the three ADO assistant manager positions for which he applied. The portion of the ADEA governing federal sector employment states that "all personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a) (2018). "We analyze . . . ADEA claims based on circumstantial evidence under the burden shifting framework set out in *McDonnell Douglas Corp v. Green*." *Allard v. Holder*, 494 F. App'x 428, 432 (5th Cir. 2012) (internal citation omitted); *see also McDonnell Douglas Co. v. Green*, 411 U.S. 792, 802-03 (1973); *Ford v. Potter*, 354 F. App'x 28, 32 (finding that district court did not err in analyzing federal employee's age discrimination claim under the *McDonnell Douglas* framework); *Anzaldua v. Brennan*, No. 7:16cv615, 2017 WL 10153541, at *5-6 (S.D. Tex. 2017) (applying the *McDonnell Douglas* framework to ADEA discrimination in the federal sector).

5

Under the *McDonnell Douglas* framework, the initial burden is on the employee to establish a prima facie case of age discrimination. *Allard*, 494 F. App'x at 431. Once the employee establishes a prima facie case, the burden shifts to the employer to show that there was a legitimate, nondiscriminatory reason for its actions. *Id.* If the employer meets this burden of production, the employee must then prove that the employer's reason for its action was a pretext for age discrimination. *Id.* To establish a prima facie case of age discrimination, a plaintiff must demonstrate that "1) [he was] within the protected class; 2) [he was] qualified for the position; 3) [he] suffered an adverse employment decision; and 4) [he was] replaced by someone younger or treated less favorably than similarly situated younger employees (*i.e.*, suffered from disparate treatment because of membership in the protected class)." *Leal v. McHugh*, 731 F.3d 405, 410-411 (5th Cir. 2013) (internal quotations omitted).

1. <u>2013 Memphis ADO position</u>

The parties do not dispute that Shumate can establish a prima facie case of age discrimination when he was not hired for the Memphis ADO position in 2013. Def. Mem. [42] at 14. Thus, the burden shifts to Defendant to advance a legitimate, nondiscriminatory reason for not promoting Shumate. Defendant argues that Shumate was not selected for the Memphis ADO position because he did not perform well in his initial interviews. *Id.* Out of the seven applicants interviewed by the panel, Shumate was given the second lowest score based on his performance and therefore was not selected to advance to the second round of interviews. Pl. Ex. B [45-2], Braden Dep. at 53; Pl. Ex. B [45-2], Exhibit 2 of Braden Dep. at 1. This is

6

sufficient to carry Defendant's burden of production.

"Once the employer produces sufficient evidence to support a nondiscriminatory explanation for its decision[,] [the employee] must be afforded the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (internal quotations omitted). Shumate argues that Defendant's legitimate reason for not promoting him is pretextual on two grounds. First, Shumate contends that the interview panel's method in scoring the applicants' performances was flawed and possibly fabricated. *See* Pl. Mem. [46] at 1-10. Second, Shumate claims that Braden's history of hiring employees under the age of 40 demonstrates that he held a discriminatory animus in not selecting Shumate for the Memphis ADO position. *Id.* at 11.

Construing the facts in the light most favorable to Shumate, neither of his arguments are sufficient to show that Defendant's reason for not promoting him was pretextual. Assuming that Braden's method of scoring the applicants' interview performances was inaccurate or not fairly applied, this would have been true for all of the applicants who did not advance and it does not show that Braden acted discriminatorily when he did not select Shumate for a second interview. *See Campbell*, 656 F. App'x at 717 ("The ADEA does not require an employer 'to make proper decisions, only nondiscriminatory ones.'") (quoting *Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005)). Additionally, Shumate cannot show

7

that Braden's decision was age-based even if the interview scores were fabricated to ensure that Shumate was not promoted, because two of the four candidates selected to receive a second interview were over forty years of age. Pl. Mem. [46] at 10. Thus, even accepting Shumate's position that he was not chosen for a second interview based on factors other than his interview performance, the evidence demonstrates that age was not one of those factors.

Shumate also argues that Braden's history of hiring employees younger than forty years old demonstrates that Defendant's reasoning for not promoting Shumate is pretextual. *Id.* at 11. According to Shumate, all four of the "professional employees" Braden hired after becoming District Manager of the Memphis ADO were under the age of forty. *Id.* Quoting *Rogers v. Medline Indus, Inc.*, 361 F. Supp. 3d 616, 629 (S.D. Miss. 2019), Shumate argues that "statistical evidence may be probative of pretext in limited circumstances." Pl. Mem. [46] at 10. Assuming this is true, Shumate's purported "statistical evidence" of Braden's hiring of four employees is not significant enough to be considered statistical. *See E.E.O.C. v. Texas Instruments, Inc.*, 100 F.3d 1173, 1175, 1184-85 (5th Cir. 1996) (analyzing whether statistical evidence of pretext existed in 850 employee layoffs). Simply put, the demographics of four employees is too small of a sample size to be statistically significant in proving discrimination in Braden's hiring practices.

Moreover, Shumate has not claimed that the four employees Braden hired were substantially similar to him, and as such he cannot properly rely on this alleged statistical evidence to demonstrate Braden's discriminatory animus. *Id.*

8

(finding statistical evidence to be insufficient when plaintiff submitted a list of terminated employees "without explanation or evidence . . . that they are in substantially the same position as [plaintiff]."). Defendant is entitled to summary judgment on Shumate's age discrimination claims with respect to this position.

2. 2013 Jackson ADO position

Defendant argues that Shumate cannot establish a prima facie case of age discrimination when he was not selected for the assistant manager position in the Jackson ADO because the employee who was selected, William Schuller, was over fifty years old. Def. Mem. [41] at 15. Indeed, Shumate admits that he and Schuller were the same age when Schuller was chosen for the assistant manager position in Jackson. Pl. Mem. [46] at 24. As such, the undisputed facts establish that Shumate has not carried his initial burden of showing a prima facie case of age discrimination on this claim, and it should be dismissed. *O'Conner v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996) (holding that a plaintiff cannot establish a prima facie case of age discrimination when he is replaced by another employee who is "insignificantly younger").

3. 2014 Memphis ADO position

Similar to her argument that no discrimination occurred with respect to the Jackson position, Defendant asserts that Shumate cannot establish a prima facie case of age discrimination for his non-selection to the second Memphis ADO position. Def. Mem. [42] at 17. It is undisputed that Tommy Dupree, who was older than Shumate, was hired to fill the vacant assistant manager position in Memphis. Def. Mem. [52] at 17; Pl. Mem. [46] at 32. Shumate nevertheless attempts to argue

9

that he can make out a prima facie case of discrimination for his non-selection because Dupree was only hired to the Memphis position after Braden re-advertised the position in order to have a larger pool of candidates. Pl. Mem. [46] at 32. According to Shumate, the re-advertised position did not have the same Vacancy Announcement identification number and, therefore, Dupree's selection to the position does not defeat Shumate's prima facie case. *Id.*

However, Shumate also asserts that Braden re-advertised the position "so he could select someone other than Plaintiff Shumate." *Id.* at 32. Following this logic, in order for Shumate to establish a prima facie case of age discrimination, he would need to show that Braden's decision to re-advertise the position was animated by age discrimination. But because Braden hired a candidate older than Shumate after he re-advertised the position, Shumate's argument fails. His claim for age discrimination for his non-selection for the Memphis ADO position in 2014 should be dismissed.

C.  <u>Plaintiff's retaliation claims</u>

In addition to his discrimination claims, Shumate asserts that he was not hired to the Jackson ADO position and the 2014 Memphis ADO position in retaliation for filing his EEO complaint. Compl. [1] at 3-5. The ADEA prohibits federal employers from retaliating against an employee who complains of age discrimination. *Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008). Like ADEA discrimination claims, retaliation claims are subject to a burden-shifting analysis at the summary judgment stage. *Allard*, 494 F. App'x at 431. A plaintiff must first establish a prima facie case of retaliation by showing "(1) that [he] engaged in

protected activity, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 n. 8 (5th Cir. 1998). Once a prima facie case is established, the burden then shifts to the employer to articulate a legitimate, nonretaliatory reason for its actions. *Patrick v. Ridge*, 394 F.3d 311, 316 (5th Cir. 2004). If the employer meets its burden, the plaintiff must then demonstrate that the employer's reason is a pretext for retaliation. *Sherrod* 132 F.3d at 1122.

1. <u>Jackson ADO position</u>

Defendant asserts that Shumate cannot show a causal relationship between his EEO filing and his non-selection for the ADO position in Jackson. Def. Mem. [42] at 20. Shumate responds that he was retaliated against when he was not listed as a qualified candidate to interview for the Jackson assistant manager position. Pl. Mem. [46] at 16. He further maintains that Defendant's reason for his disqualification, that he did not include a form SF-50 with his application despite clear instructions to do so, was a pretext for retaliation. Compl. [1] at 4-5.

Even assuming that Shumate can establish a prima facie case for retaliation, he is unable to rebut Defendant's legitimate, nonretaliatory reason for not hiring him as the assistant manager for the Jackson ADO. "A plaintiff may demonstrate pretext by showing disparate treatment or by showing that the employer's explanation is false or unworthy of credence." *Pollak v. Lew*, 54 F. App'x 304, 307 (5th Cir. 2013). "To establish a claim of disparate treatment, [the employee] must show that [the employer] gave preferential treatment to [another] employee under

11

'nearly identical' circumstances." *Little v. Republic Ref. Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991).

Shumate argues that two employees were similarly situated to him but received more favorable treatment because they had not filed complaints with the EEO. Pl. Resp. [46] 17- 20. However, neither of these employees failed to include an SF-50 with their applications as Shumate had.[2] *See Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001) ("[T]he conduct at issue is not nearly identical when the difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer."). In fact, Shumate admits that other employees who did not include an SF-50 with their applications were similarly declared ineligible for the assistant manager position. Pl. Resp. [46] at 16. As such, Shumate has not provided sufficient evidence to show that he was treated disparately from employees who did not have any EEO activity. Because Shumate cannot show that Defendant's reason for disqualifying him from the Jackson ADO position was a pretext for retaliation, this retaliation claim should be dismissed.

2.   2014 Memphis ADO position

Defendant additionally seeks summary judgment on Shumate's second

---

[2] Shumate asserts that one employee, Kevin Morgan ("Morgan"), was originally declared ineligible for the vacant assistant manager position but was later deemed eligible by the Human Resources Office. Pl. Mem. [46] at 17. Shumate alleges that the change to Morgan's eligibility status is evidence of more favorable treatment, but he does not assert that Morgan's ineligibility was due to Morgan having omitted an SF-50 with his application. The other employee whom Shumate claims received more favorable treatment is Jonathon Linquist ("Linquist"). Linquist was able to convert his employment with the FAA from a Community Planner to an Open Engineer position with the help of Human Resources. *Id.* at 19. Shumate does not explain how Linquist's position conversion makes him similarly situated to Shumate, who did not include a required form with his application.

12

retaliation claim, that he was not selected to fill the vacant Memphis ADO position in 2014 because of his protected EEO activity. Def. Mem. [42] at 20. Defendant posits that Braden had a legitimate reason for not hiring Shumate because "Braden did not think [Shumate] would be a good fit for the assistant manager position." *Id*. at 20-21; *see also* Pl. Ex. N [45-14], Braden Dep. at 27 ("I didn't think that Mr. Shumate would be a good fit as the assistant manager."). In response, Shumate points to Braden's deposition testimony, in which Braden states that at the time of his decision he was aware of Shumate's prior EEO activity and would not want to work closely with an employee who had filed a discrimination complaint against him.[3] Pl. Mem. [46] at 29; Pl. Ex. N [45-14] at 33. Shumate contends that Braden's testimony is evidence that his proffered reason for not hiring Shumate for the 2014 Memphis ADO position constitutes pretext for retaliation. Pl. Mem. [46] at 29.

It is well-established that, "to meet its burden of production under *McDonnell Douglas*, an employer must articulate a nondiscriminatory reason with '*sufficient clarity*' to afford the employee a realistic opportunity to show that the reason is pretextual." *Patrick*, 394 F.3d at 317 (emphasis in original). The Fifth Circuit has held that, as a matter of law, "justifying an adverse employment decision by offering

---

[3] The relevant portion of Braden's testimony reads:
> Q: So you felt you could put his – Mr. Shumate's EEO activity directed toward you out of your mind in interviewing him and making a decision?
> A: No, I don't think I could put it out of my mind.
> Q: As a supervisor, if you had an employee working for you closely –
> A: Yes, sir.
> Q: – you wouldn't want that employee to be pursuing an EEO charge against you at the same time he was working for you, would you?
> A: No, sir. I don't think anybody would.

Pl. Ex. N [45-14] at 33.

13

a content-less and nonspecific statement, such as that a candidate is not 'sufficiently suited' for the position, is not specific enough to meet a defendant employer's burden of production under *McDonnell Douglas*." *Id*. Further, "a hiring official's subjective belief that an individual would not 'fit in' or was 'not sufficiently suited' for a job is at least as consistent with discriminatory intent as it is with nondiscriminatory intent . . . ." *Id*.

In her Reply [48] Defendant argues that, while Braden knew of Shumate's EEO activity, he did not allow this knowledge to affect his decision regarding whether to hire Shumate to the Memphis ADO position in 2014. Def. Reply [48] at 8. Instead, Braden chose not to hire Shumate because "as the supervisor and selecting official, Braden did not believe [Shumate was] well suited for the job." *Id.* at 9; *see also* Pl. Ex. N [45-14], Braden Dep. at 27 ("I didn't think that Mr. Shumate would be a good fit as the assistant manager."). This statement is not enough for Defendant to satisfy her burden of production under the *McDonnell Douglas* framework. *Patrick*, 394 F.3d at 317; *see also Palacios v. City of Crystal City*, 634 F. App'x 399, 403 (5th Cir. 2015) (finding that employer-city met its burden under *McDonnell Douglas* when city councilmembers "provided a lengthy explanation of their concerns regarding [Plaintiff's] job performance").

Construing Braden's testimony and the facts in the light most favorable to Shumate as the nonmoving party, this is sufficient at the summary judgment stage to create a material fact question for trial regarding whether a causal link existed between Shumate's protected activity and Braden's employment decision, and

regarding whether Defendant's proffered legitimate, nonretaliatory reason for its decision was pretext for retaliation. Summary judgment is not appropriate on Shumate's second retaliation claim.

III. CONCLUSION

To the extent the Court has not specifically addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result. Because Defendant has shown that there exists no genuine issue of material fact and that she is entitled to judgment as a matter of law as to all three of Plaintiff Shumate's discrimination claims and his retaliation claim regarding his non-selection to the Jackson ADO position, Defendant is entitled to summary judgment on each of these claims. However, Plaintiff Shumate has demonstrated the existence of a genuine issue of material fact as to whether he was retaliated against when he was not hired to the Memphis ADO position in 2014. As such, summary judgment is not appropriate on this single claim.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Elaine L. Chao, Secretary, United States Department of Transportation's Motion [41] for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**. All claims raised by Plaintiff David Shumate for age discrimination under the ADEA are **DISMISSED WITH PREJUDICE**. Further, Plaintiff David Shumate's retaliation claim under the ADEA premised upon his non-selection for the Jackson ADO position is **DISMISSED WITH PREJUDICE**.

Plaintiff David Shumate's second retaliation claim pertaining to the 2014 Memphis ADO position will proceed.

**SO ORDERED AND ADJUDGED**, this the 10th day of January, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE